UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

MASSACHUSETTS CARPENTERS CENTRAL          )
COLLECTION AGENCY, et al                  )
                                          )
    Plaintiffs,                           )
                                          ) CIVIL ACTION
v.                                        ) NO. 04-11123-NG
                                          )
E A G CONSTRUCTION & INSTALLATION,        )
                                          )
    Defendant.                            )
_____   )

### PLAINTIFFS' MOTION FOR RECONSIDERATION
### OR CLARIFICATION

Plaintiffs, the trustees of various fringe benefit funds and their collection agency, respectfully submit this motion for reconsideration or clarification of the Court's October 28, 2004 Order directing further submissions in support of plaintiff's motion under Rule 55(b)(1) for entry of a default judgment. Plaintiffs submit this motion because they frequently litigate claims of this type in this Court and frequently seek default judgments, and they desire to do so without burdening either themselves or the Court with any more documentation than is necessary. Since the extent of the further submissions ordered by the Court is not clear from its Order, plaintiffs seek clarification.

This is a standard delinquency action under ERISA and the LMRA to recover contributions and other payments owed by defendant to various fringe benefit funds and local unions. Defendant was served with the summons and complaint, but

failed to answer or otherwise appear in the case. Accordingly, the Court issued a notice of default, to which the defendant has not responded. Plaintiffs filed and served a motion for entry of a default judgment pursuant to Rule 55(b)(1), and submitted an affidavit stating the amount due. Defendant has not responded to the motion.

The Court, however, issued an Order on October 28 directing plaintiffs to "submit documentation" that defendant is delinquent in the amount claimed and owes liquidated damages and interest. The Court based this directive on the decision of the First Circuit in *KPS & Associates, Inc. v. Designs by FMC, Inc.*, 318 F.3d 1 (1st Cir. 2003).

As an initial matter, this case and *KPS* arose in entirely different circumstances procedurally. In *KPS*, the defendant appeared through counsel, engaged in extensive motion practice including filing a motion to dismiss. The default in *KPS* was entered in the case only after the Court denied the motion to dismiss and the defendant failed to file a timely answer. The defendant in *KPS* also moved to lift the default and moved for reconsideration of the Court's determination of damages. In this case, in contrast, the defendant has neither appeared, nor responded to the issuance of the notice of default, nor responded to the motion for entry for a default judgment, despite having been served with the summons and complaint, the notice of default, and the motion.

Rule 55 provides for two very different methods of determining damages in circumstances involving defaults, depending on whether or not the defendant has appeared. If the defendant has appeared, as was the case in *KPS*, Rule 55(b)(2) authorizes the Court to determine whether a hearing is necessary in order to "take an account or to determine the amount of damages or to establish the truth of any averment by evidence or

to make an investigation of any other matter." Rule 55(b)(2) even reserves the parties' right to a jury trial on these matters when required by federal statute.

If the defendant has failed to appear, however, as in this case, Rule 55(b)(1) provides for a far more perfunctory method of entering a judgment for money damages. If the claim is *either* for a "sum certain" *or* for a sum "which *by computation* can be made certain," the plaintiff need only submit an affidavit "of the amount due" and the Clerk may enter judgment in the stated amount. This significant difference in Rule 55's treatment of the processing of the default plainly reflects a considered decision to provide significantly more procedural and substantive protections to the party who has appeared than to the party who has simply ignored the proceedings by failing even to appear.

In *KPS*, the Court addressed Rule 55 in the context of a case where the defendant has appeared and where, in light of the appearance, subparagraph (b) requires a determination of damages to be made by the Court and accords the defendant substantially more procedural rights than the perfunctory entry of judgment by the Clerk in cases where the defendant has not appeared.

In addition, the Court in *KPS* not only was addressing procedure on a default under rule 55(b)(2) rather than Rule 55(b)(1), but, even in terms of guidance in addressing the issues under Rule 55(b)(1), the Court addressed only the term "sum certain." While Rule 55(b)(1) provides for entry of judgment by the Clerk upon an affidavit stating the amount of damages in cases where the claim is for a "sum certain," it additionally provides for the same procedure even where the claim is *not* for a sum certain. Thus, an affidavit stating the amount of damages also is sufficient under Rule 55(b)(1) in cases where the claim is for a "sum which *by computation* can be made certain."

Rule 55(b)(1) plainly contemplates application to circumstances beyond actions on money judgments, notes, or negotiable instruments, where the principal amount due is simply reflected in the judgment, note or instrument.  The Court in *KPS*, however, did not address in any manner that particular provision of Rule 55(b)(1).

Accordingly, under Rule 55(b)(1), even in cases where the amount due is not a sum certain, but where it must be "calculated" based on underlying facts, entry of judgment is still authorized upon submission of nothing more than an "affidavit of the amount due."  The Rule on its face does not require submission of evidence by affidavit or otherwise of the underlying facts that form the basis of the actual calculation of the amount due, but merely an affidavit – a statement by the plaintiff under oath -- "of the amount due."

In this case, the sum that defendant owes to plaintiffs is a function of the number of hours of covered work performed by defendant's employees and the contractually mandated contribution rate.  On the face of it, the sum due is a sum that "by computation can be made certain."  As a result, since the defendant has not appeared and has not responded to the complaint, the notice of default, or the motion for entry of a default judgment, plaintiff should be entitled to entry of judgment upon submission of an "affidavit of the amount due."

To require the plaintiff in such an action to submit "documentation that … defendant is delinquent in its contributions in the amount asserted by plaintiffs" appears to require plaintiffs to submit essentially what they would have to submit in support of a motion for summary judgment if the defendant had actually appeared in the action.  But defendant has not appeared, and the whole point of Rule 55(b)(1) is to establish a simple method of securing entry of a money judgment, in contrast to Rule 55(b)(2)'s more

substantive and involved procedures in cases where the defendant has appeared.  Rule 55 (b)(1) establishes a minimal procedure precisely to avoid the need for those more substantive and involved procedures.

The Court is not without guarantees about the validity of the basis for the plaintiff's calculations and its submissions in the absence of complete, detailed documentation.  The Rule requires that the motion be supported by an affidavit, and the plaintiff submits *under the penalties of perjury* an affidavit stating the amount that plaintiff has calculated as due.  In addition, plaintiff's counsel signs and submits the motion for entry of judgment pursuant to the obligations and implicit affirmations of Rule 11.  Finally, the motion, like the summons and complaint, is served on the defendant, who still has the option to appear and raise any objections to the motion that the defendant may have.

While this discussion may appear academic, these matters have significant practical consequences for plaintiffs.  Plaintiffs in this action are plaintiffs in a significant number of similar actions in this District and before this Court, most of which involve defendants that have gone out of business and are concluded by motions for default judgments.  The Funds are multi employer fringe benefit funds and involve employers working under a number of different collective bargaining agreements with various local unions in four New England states.  There is no uniform contribution rate, and the aggregate hourly rate under each agreement varies from agreement to agreement as well as changes over time – usually every six months.  To require underlying documentation of the delinquency calculation in each case would be considerably cumbersome for both the plaintiffs and the Court and, in plaintiffs' view, unnecessary under Rule 55(b)(1).

Accordingly, plaintiffs have redrafted their affidavit in an effort to meet

concerns the Court may have while at the same time attempting to avoid the level of detail that would be necessary to support a motion for summary judgment.  The new affidavit expressly states that: the employer's contract with the Union calls for contributions at specified hourly rates for every hour of covered work performed by the defendant's employees (¶ 2); the employer has failed to contribute on hours worked by its employees (¶3); the plaintiff has made a calculation of the amount due based on the hours of work and the applicable hourly rate or rates (¶ 3); the defendant's collective bargaining agreement provides for prejudgment interest at various specified interest rates and interest is mandated by law (¶ 4); plaintiff has calculated interest on the principal amount due based on the applicable interest rates (¶ 5); the collective bargaining agreements provide for liquidated damages of 20% and liquidated damages are mandated by federal law (¶6); and that plaintiff calculated liquidated damages based on 20% of the principal amount due.  (¶ 7).  The revised affidavit is attached.

It is hoped that the more detailed sworn representations in the revised affidavit of damages will be sufficient to establish to the Court's satisfaction under Rule 55(b)(1) that the "amount due" in fact is capable of determination by calculation and that plaintiff in fact undertook to make those calculations and stated the amount due in its affidavit.  If not, plaintiffs request clarification of what more is necessary, and would be amenable to discussing the matter at a conference if it pleases the Court.

Dated:  November 12, 2004                        Respectfully submitted,


Christopher N. Souris
BBO #556343
        KRAKOW & SOURIS, LLC
225 Friend Street

Boston, MA 02114

(617) 723-8440

_/s/ Christopher N. Souris_____                    Attorney
for plaintiffs Massachusetts
Carpenters Central Collection Agency, et al

CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to E A G Construction & Installation, P.O. Box 807, Boston, MA 02103

.

_/s/ Christopher N. Souris__

Christopher N. Souris