UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS CARPENTERS CENTRAL COLLECTION AGENCY, et al | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION<br>) NO. 04-11123-NG<br>) |
| E A G CONSTRUCTION & INSTALLATION, | )<br>) |
| Defendant. | )<br>) |

**AFFIDAVIT OF DAMAGES AND TAXABLE COSTS**

Harry Dow, under penalties of perjury, hereby declares as follows:

1. I am presently the Director of plaintiff Massachusetts Carpenters Central Collection Agency (the "Agency").

2. In that capacity I am responsible for receiving the contributions due to certain employee benefit funds (referred to collectively as "the Funds") from employers such as defendant that have entered into collective bargaining agreements with local unions of the United Brotherhood of Carpenters & Joiners of America based in Massachusetts, Vermont, New Hampshire and Maine. Pursuant to those agreements, signatory employers such as defendant have agreed to make contributions and payments to the Agency on behalf of the Funds and the local unions at specified hourly rates for each hour of work covered by the collective bargaining agreements that their employees perform.

3. Defendant E A G Construction & Installation has failed to make contributions and payments to plaintiffs for hours of work performed by its employees, and the Agency has calculated that defendant is delinquent in its contributions and payments due to the Agency based on those hours of work through August 2004 and the applicable hourly contribution rate or rates in the principal amount of $114,979.62. This calculation reflects an adjustment based on new information received by the Agency after I submitted my first affidavit in this case.

4. The various collective bargaining agreements referenced above upon which defendant's contribution obligation is based provide for interest on delinquent contributions to be assessed at rates that range between 2% over prime to 6% over prime, depending on the particular agreement pursuant to which the work was performed, and such interest is also expressly mandated by law. 29 U.S.C. §1132(g)(2)(B).

5. The Agency has calculated the interest charges on the principal amount owed to the Agency by E A G Construction & Installation based on the applicable interest rate computed to August 31, 2004 to be $6,351.52.

6. The various collective bargaining agreements referenced above provide, in addition to interest, for liquidated damages to be assessed on delinquent contributions at the rate of 20% of the principal amount due in the event the plaintiffs are required to sue to collect the delinquency, and such liquidated damages are also expressly mandated by law. 29 U.S.C. §1132(g)(2)(C).

7. The Agency has calculated the liquidated damages of 20% on the principal amount owed to be $22,995.93

8. The reasonable attorney's fees for instituting and prosecuting this action that are required by the relevant collective bargaining agreements and that are also expressly mandated by law, 29 U.S.C. §1131(g)(2)(D), are $700.00.

9. The costs incurred by the plaintiff in bringing this action consisting of filing and service fees total $195.52.

10. The total amount owed to the Massachusetts Carpenters Central Collection Agency by defendants consisting of the separate amounts listed in paragraphs 3 through 9 of this affidavit, totals $145,222.59.

11. The defendant is neither an infant and/or an incompetent person, nor in the military services of the United States.

I declare under the penalties of perjury that the foregoing is true and correct this 12th day of November, 2004.

    /s/Harry Dow
Harry Dow, Director
Massachusetts Carpenters Central Collection Agency

CERTIFICATE OF SERVICE

I, Christopher N. Souris, hereby certify that I caused a copy of the foregoing to be mailed this date to E A G Construction & Installation, P.O. Box 807, Boston, MA 02103

    /s/Christopher N. Souris
Christopher N. Souris